UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KASANDRA MORROW,

  Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

  Defendant.

Case No. 3:19-cv-92

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

___

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS, SUBJECT TO A DETERMINATION OF PLAINTIFF'S DISABILITY ONSET DATE; AND (3) THIS CASE BE TERMINATED ON THE DOCKET**

___

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court on Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 6),[3] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of September 30, 2014. PageID 40. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, avascular

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.
[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

necrosis of the hip, derangement of the knee, carpal tunnel syndrome, depressive disorder, and post-traumatic stress disorder. PageID 42.

After an initial denial of her application, Plaintiff received a hearing before ALJ Mark Hockensmith on November 29, 2017. PageID 69-107. The ALJ issued a written decision on May 1, 2018 finding Plaintiff not disabled. PageID 40-52. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 44-52.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 29-31. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.  Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 40-52), Plaintiff's Statement of Errors (PageID 618-36), the Commissioner's memorandum in opposition (PageID 643-60), and Plaintiff's reply (PageID 661-69). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.  Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in: (1) evaluating the opinion of her treating physician Travis Wheeler, M.D.; (2) evaluating the opinions of the state agency's examining and reviewing consultants; and (3) determining her RFC. Finding error in the ALJ's weighing of the opinions by treating physician Dr. Wheeler and examining psychologist Katherine Myers, Psy.D., the determination of Plaintiff's RFC, and the ALJ's disregard of the overwhelming evidence of disability, the Court does not address Plaintiff's alleged error regarding the other medical sources of record.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a

4

unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, Plaintiff's treating physician, Dr. Wheeler, wrote two opinions. First, in August 2016, Dr. Wheeler opined that Plaintiff was "extremely" limited in her ability to repetitively move her feet, "markedly"[6] limited in her ability to bend, and had difficulty transitioning from sitting to standing. PageID 444-45. As a result of her impairments, Dr. Wheeler concluded Plaintiff was unemployable for twelve months or longer. *Id*. In September 2017, Dr. Wheeler provided a second opinion with regard to Plaintiff's limitations. PageID 613-14. He opined Plaintiff had no ability to bend or stoop, and she "suffer[ed] from severe debilitating pain[,] which limits her daily activity." *Id*. Due to her impairments, Dr. Wheeler concluded that Plaintiff could work just four hours per day (*i.e.*, could not perform full-time employment), would be off-task 20% or more in an average work week, and absent from work three times per month.[7] *Id*.

While the ALJ afforded Dr. Wheeler's 2016 opinion "significant weight," he declined to include in the RFC appropriate limitations with regard to repetitive foot movements and transitioning from sitting and standing. To that end, he offered only a cursory explanation, *i.e.*, the limitations were "not entirely supported by the record." PageID 48. An ALJ need only accept those limitations he or she finds credible. *See Casey v. Sec. of Health and Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). Nevertheless, the ALJ "must meaningfully explain why certain limitations are not included in the RFC determination -- especially when such limitations are set forth in opinions the ALJ weighs favorably." *Howard v. Comm'r of Soc. Sec.*, No. 3:14-cv-364, 2015 WL 8213614, at *4 (S.D. Ohio Dec. 9, 2015), *report and recommendation adopted*, No. 3:14-cv-364, 2016 WL 99114 (S.D. Ohio Jan. 7, 2016).

---

[6] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

[7] The Vocational Expert testified that the limitations set forth in Dr. Wheeler's 2017 opinion - *i.e.,* including being off task 20% or more in an average work week, and being absent two or more times per month - would be work preclusive. PageID 101-02.

Despite favorably weighing Dr. Wheeler's 2016 opinion, the ALJ fails to identify with any specificity the portion of the record he deemed contrary to the limitations set forth in the same. *See Dapice v. Commissioner*, 3:13-cv-00264, at *9 (S.D. Ohio Feb. 10, 2015) (*citing Redlin v. Comm'r of Soc. Sec.*, No. 12–12779, 2013 WL 1720829, at *13–14 (E.D. Mich. Mar. 27, 2013) (finding "the ALJ's conclusory statement" concerning the treating physician's opinion failed to comply with the treating physician rule "because it fails to identify, with any level of specificity, the evidence which supposedly undermines [his or] her opinions"). Accordingly, the RFC adopted by the ALJ -- which excludes without meaningful explanation certain limitations in Dr. Wheeler's 2016 opinion -- is unsupported by substantial evidence. This error, in and of itself, merits reversal.

Further, the ALJ afforded Dr. Wheeler's 2017 opinion "little weight," and concluded that it was "a significant departure from his [2016] opinion." PageID 49. While Dr. Wheeler's 2017 opinion reflects greater physical limitations, he, again, concludes Plaintiff is unemployable as a result of the same. PageID 444-45; 613-14. The ALJ fails to explain how Dr. Wheeler's opinion -- which appears to indicate Plaintiff's worsening condition -- undermines his 2016 opinion, *i.e.*, that Plaintiff is unemployable and thus disabled. *See Wilson v. Comm. of Soc. Sec.,* 378 F.3d 541, 544-46 (6th Cir. 2004) (finding reversible error where the ALJ failed to make it sufficiently clear why he rejected the treating physician's opinion); *see also Goble v. Astrue,* 385 F. App'x. 588, 593 (7th Cir. 2010) ("An ALJ is obligated to consider all relevant medical evidence and may not cherry-pick facts to support a finding of non-disability while ignoring evidence that points to a disability finding"). The ALJ's evaluation of Dr. Wheeler's 2016 and 2017 opinions is thus found unsupported by substantial evidence.

Additional reversible error occurred in the ALJ's evaluation of the opinion by examining psychologist Dr. Myers. Dr. Meyers documented multiple mental status abnormalities including a depressed affect, tense appearance, and very poor eye contact. PageID 405-06. She opined Plaintiff would, *inter alia*, have difficulties with job related tasks, persistence, pace, effort, and

7

relating to others; have a pattern of time away from work; and have significant difficulty performing even simple tasks as a result of her mental impairments. PageID 407-08. The ALJ rejected Dr. Myers's findings based largely upon Plaintiff's lack of mental health treatment. PageID 49. However, the Sixth Circuit has questioned this rationale. *See Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989) ("[Plaintiff] may have failed to seek psychiatric treatment for his [or her] ... condition, but it is questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"). Moreover, "ALJs must be careful not to assume that a patient's failure to receive mental-health treatment evidences a tranquil mental state. For some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." *White v. Commissioner of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009).

In light of all the foregoing, the ALJ's non-disability finding is unsupported by substantial evidence.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

While it appears that the proof of disability -- including the opinion of Dr. Wheeler regarding Plaintiff's physical limitations, the opinion of Dr. Myers regarding the limitations caused by Plaintiff's

mental impairments, and the testimony of the Vocational Expert -- is, indeed, overwhelming, there remains one issue which merits clarification on remand: Plaintiff alleges a disability onset date of September 30, 2014, and record reviewing physician G. R. Ibarra, M.D. opines that Plaintiff was disabled thereafter, on March 9, 2015. *See* PageID 120-21. Accordingly, the Court recommends reversing with instructions to immediately award benefits, but also remanding this case for the limited purpose of determining Plaintiff's disability onset date. *See Fairchild v. Colvin*, 14 F. Supp. 3d 908, 916 (S.D. Ohio Feb. 18, 2014) (finding that in determining disability onset date, the Commissioner must evaluate factors "includ[ing] the claimant's allegations, work history, and medical evidence of record"); *see also* SSR 83–20, 1983 WL 31249, at *1 (Jan. 1, 1983).

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits and a determination of Plaintiff's disability onset date; and (3) this case be **CLOSED**.

Date:  April 13, 2020                              /s/Michael J. Newman
                                                   Michael J. Newman
                                                   United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).