IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KASANDRA MORROW,     :

    Plaintiff,

  v.     :     Case No. 3:19-cv-92

COMMISSIONER OF SOCIAL SECURITY,     :     JUDGE WALTER H. RICE

    Defendant.     :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #15);
OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOC. #16);
REVERSING ALJ'S NON-DISABILITY FINDING; REMANDING TO
COMMISSIONER UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)
FOR IMMEDIATE AWARD OF BENEFITS AND DETERMININATION
OF DISABILITY ONSET DATE; JUDGMENT TO ENTER IN FAVOR OF
PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

On April 14, 2020, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations, Doc. #15, in which he recommended that the Court reverse the ALJ's non-disability finding because it was unsupported by substantial evidence, and remand the matter to the Commissioner for an immediate award of benefits, subject only to a determination of the disability onset date. This matter is currently before the Court on Defendant's Objections to the Report and Recommendations, Doc. #16, and on Plaintiff's Response thereto, Doc. #17.

Plaintiff suffers from bilateral hip avascular necrosis, derangement of the left knee, left carpal tunnel syndrome, major depressive disorder and post-traumatic

stress disorder. Doc. #6, PageID#42. The ALJ found that she had the residual functional capacity to perform light work with several restrictions. *Id.* at PageID#44.

On appeal, Magistrate Judge Newman found that, in determining Plaintiff's residual functional capacity ("RFC"), the ALJ erred in evaluating the opinions of treating physician, Travis Wheeler, M.D., and examining psychologist, Katherine Myers, Psy.D. He further found that the ALJ disregarded overwhelming evidence of disability. The Magistrate Judge did not reach the other alleged errors concerning the ALJ's evaluations of other examining and reviewing consultants.

Defendant argues that the ALJ's decision was supported by substantial evidence, and asks that the Court affirm the non-disability finding.[1] In the alternative, he argues that an immediate award of benefits is improper. He argues that the matter should instead be remanded so that the ALJ can re-evaluate the medical opinions and adequately explain the weight given to them.[2] Doc. #16.

Based on the reasoning and citations of authority set forth by Magistrate Judge Newman, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing, Doc. #15, and OVERRULES Defendant's Objections, Doc. #16.

---

[1] Plaintiff maintains that, because the Magistrate Judge did not address all of the alleged errors, it would be inappropriate to affirm the non-disability finding.

[2] Defendant concedes that a remand is needed to determine the initial onset date.

2

With respect to the ALJ's assessment of Dr. Wheeler's opinions, Defendant suggests that the restrictions imposed by the ALJ, in limiting Plaintiff to standing and walking for four hours with the ability to change position every 30 minutes while remaining at the workstation, adequately accounted for Dr. Wheeler's 2016 finding that Plaintiff had difficulty transitioning from sitting to standing.  Doc. #6, PageID#445.  As Plaintiff notes, however, giving her the opportunity to change position does not cure the fact that she has great difficulty actually doing so.  The ALJ completely failed to address this issue, and counsel's attempt to explain how the ALJ's restrictions may have accommodated this particular limitation is insufficient.  *See Evans v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 566, 575 (S.D. Ohio 2015) (Rose, J.) (holding that the Commissioner's suggested *post hoc* rationale for the ALJ's decision would not be considered where the ALJ provided no such explanation).

The ALJ also rejected Dr. Wheeler's 2016 opinion that Plaintiff was markedly limited in bending, and extremely limited in repetitive foot movements, on the grounds that these limitations were "not entirely supported by the record."  He noted that there was no clear explanation in Dr. Wheeler's report of what constituted "marked" or "extreme."  Doc. #6, PageID#48.  Magistrate Judge Newman found that the ALJ's failure to adequately explain why these limitations were not included in the RFC determination was reversible error.

Defendant notes that the ALJ did, in fact, find that Plaintiff "cannot operate foot controls on the right."  *Id.* at PageID#44.  Defendant further argues that,

3

reading the ALJ's decision as a whole, including citations to medical records indicating that, despite a prominent limp and rightward tilt, Plaintiff's gait was otherwise steady, that Plaintiff did not use an assistive device for ambulation, that Plaintiff did housework and grocery shopped, and was able to get on and off the examination table, the Court should find that the ALJ did explain his reasons for discounting the foot movement limitation.

The Court disagrees. As Magistrate Judge Newman noted, an ALJ's failure to specifically identify the evidence that supposedly undermines the opinion of a treating physician is reversible error. *See Dapice v. Comm'r of Soc. Sec.*, No. 3:13-cv-264, 2015 WL 4540538, at *5 (S.D. Ohio Feb. 10, 2015) (Newman, Mag. J.) (*citing Redlin v. Comm'r of Soc. Sec.*, No. 12–12779, 2013 WL 1720829, at *13–14 (E.D. Mich. Mar. 27, 2013)). Given Dr. Wheeler's opinion that Plaintiff is "extremely limited" in her ability to make repetitive foot movements, the ALJ's failure to explain why he did not include additional limitations in the RFC is reversible error.

In 2017, Dr. Wheeler opined that, in light of Plaintiff's progressive avascular necrosis in her hips, additional physical restrictions were now warranted. Doc. #6, PageID##613-14. The ALJ gave this opinion "little weight," finding it to be "a significant departure from his earlier opinion with no significant explanation to account." *Id.* at PageID#49.

Plaintiff notes that a treating physician's opinion is to be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory

4

diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2). How thoroughly the treating physician explains the basis for his or her opinion is not a relevant consideration at this stage of the analysis. Instead, "supportability" becomes a factor only *after* the ALJ determines that the treating source's opinion is not entitled to controlling weight. *See* 20 C.F.R. §§ 404.1527(c)(2) and (c)(3). The Court finds that the ALJ's failure to conduct any "controlling weight" analysis with respect to Dr. Wheeler's 2017 opinion is reversible error.

Magistrate Judge Newman also found that the ALJ erred in evaluating the opinion of examining psychologist, Dr. Katherine Myers. Dr. Myers found that Plaintiff would likely have "some difficulties with job related tasks due to her current mental health problems" and "may show work pace slightly slower [than] that of work peers due to her depressive symptoms." Plaintiff has "poor motivation" and is "somewhat likely to show a pattern of period of time away from work for mental health reasons." Dr. Myers reported that Plaintiff "appears to be struggling with day-to-day coping and with managing her emotional responses, which would likely make relating to others difficult." Doc. #6, PageID#407. Dr. Myers also found that, because of Plaintiff's "significant mental health problems," she "may have significant difficulty performing even simple tasks." *Id.* at PageID#408.

The ALJ gave Dr. Myers' opinion only "some weight." He included some limitations in the RFC finding to account for Plaintiff's mental limitations, but not to

5

the extent recommended by Dr. Myers. The ALJ limited Plaintiff to "simple, routine, repetitive tasks in a static work environment with few changes in routine." He restricted her to "no fast-paced work or strict production quotas" and "no direct dealing with the public." He found, however, that she could "tolerate occasional interactions with coworkers and supervisors." Doc. #6, PageID#44.

The ALJ's decision to discount Dr. Myers' opinion was based, in part, on the fact that Plaintiff had failed to follow up with previous referrals for mental health treatment, and was not currently receiving treatment or taking medication for depression. Magistrate Judge Newman noted that, because failure to seek mental health treatment is often a *symptom* of the underlying disorder, this is an improper basis for rejecting evidence of a plaintiff's mental status abnormalities. Doc. #15, PageID#678 (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009)).

Defendant objects. He notes that the weight the ALJ gave to Dr. Myers' opinion was based on *several* factors. One of those factors was Dr. Myers' notation that Plaintiff's dog had recently died and she was visibly upset throughout the exam. Another factor was that Plaintiff's subsequent treatment records "mention no episodes of crying, depressive symptoms, or any mental or emotional symptoms or difficulties." Doc. #6, PageID#49. The ALJ concluded that "the lack of ongoing psychological treatments, lack of use of medications and counseling, and no history of in-patient or outpatient mental health treatment was not consistent with any more than moderate limitations." *Id.*

6

In response, Plaintiff argues that there is no dispute that she suffers from a major depressive disorder and post-traumatic stress disorder. Neither diagnosis is dependent on the fact that, on the date of the examination, she was sad that her dog died. She maintains that these disorders affect her ability to function on a day-to-day basis. Plaintiff argues that, in finding to the contrary, the ALJ improperly substituted his opinion for that of Dr. Myers.

The Court agrees. The reasons given by the ALJ for discounting Dr. Myers' opinion are problematic. The breadth and severity of Plaintiff's mental health problems, as documented by Dr. Myers, cannot all be attributed to the death of Plaintiff's dog. Dr. Myers notes that Plaintiff has been in abusive relationships and was severely beaten in 2005, requiring eye surgery. She reports ongoing posttraumatic stress symptoms, panic attacks and feelings of anxiety. Doc. #6, PageID##404, 406.

Moreover, as Magistrate Judge Newman explained, Plaintiff's failure to seek mental health treatment is an improper basis for rejecting evidence of mental health impairments, because it is often a symptom of the underlying disorder itself. Here, Dr. Myers noted that Plaintiff told her that she did not follow up with previous mental health referrals because "she did not like talking." *Id.* at PageID#404. In addition, the absence of subsequent documented mental or emotional difficulties by the physicians who were treating Plaintiff for her *physical* impairments does not mean that those mental health impairments did not continue to exist.

The Court finds that the ALJ's non-disability finding is unsupported by substantial evidence, and that the evidence of disability is overwhelming.  The Court therefore REVERSES the non-disability finding and REMANDS this matter to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for an immediate award of benefits and a determination of Plaintiff's disability onset date.

Judgment shall be entered in favor of Plaintiff and against Defendant.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 26, 2020

_Walter H. Rice_ (tp - per Judge Rice authorization after his review)
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

8